**In re CAR SALES, INC., Debtor.**

**Richard F. GADOL, Plaintiff,**

v.

**C. Jeffers SCHMIDT, Jr., Trustee in Bankruptcy, Defendant.**

**Bankruptcy No. 80–00997.
Adv. No. 80–0080.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Jan. 30, 1981.

Robert E. Hyman, Goddin, Major, Schubert & Hyman, Richmond, Va., for plaintiff.

C. Jeffers Schmidt, Jr., Richmond, Va., trustee in bankruptcy/defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon a filing of a Complaint by Richard F. Gadol, Plaintiff herein, to recover a certificate of title to a vehicle now in the possession of the Trustee. The Plaintiff alleges that he is the equitable owner of the vehicle by virtue of his payment of the purchase price in full to Car Sales, Inc., Debtor herein, and is entitled to the transfer of the certificate of title now in the possession of the Trustee. An Answer was filed by the Trustee alleging that the Trustee, is the legal owner of the vehicle, and that any interest the Plaintiff may have had in the vehicle was extinguished pursuant to § 46.1–90.1(b) of the Code of Virginia (1950), as amended. Upon the filing of Stipulation of Facts in the matter and briefs in argument by the parties, and upon oral argument, the Court makes the following determination.

## STATEMENT OF THE FACTS

The Stipulation of Facts filed by the Plaintiff and adopted by the Trustee reflects that the Plaintiff purchased from Car Sales, Inc., a dealer licensed by the Virginia Division of Motor Vehicles, a 1974 Toyota automobile and paid $1,692 for the vehicle. Upon this payment in full, Plaintiff received from the Debtor a temporary certificate of title on June 28, 1980, and obtained possession of the vehicle on June 29, 1980. The Plaintiff registered the vehicle on July 1, 1980, and obtained insurance coverage on the vehicle on or about July 2, 1980. On July 11, 1980, Car Sales, Inc. filed a voluntary petition in bankruptcy. The Debtor failed to apply to the Division of Motor Vehicles for the Commonwealth of Virginia for a permanent certificate of title prior to its filing of bankruptcy and there has been no application for the filing of a permanent certificate of title since bankruptcy. The certificate of title representing ownership prior to this recent transfer is presently in the possession of C. Jeffers Schmidt, Jr., the Trustee in Bankruptcy.

## CONCLUSIONS OF LAW

The Trustee contends that the title to the vehicle revested to Car Sales, Inc. upon the expiration of thirty days beyond the issuance of the temporary certificate of title pursuant to § 46.1–90.1(b) of the Code of Virginia (1950), as amended.[1] Upon this

---

1. That Code section provides as follows:

"A temporary certificate of ownership issued by a dealer to a purchaser pursuant to this section shall expire upon receipt by the purchaser of a certificate of title of the vehicle issued by the Division in the name of the purchaser, but in no event shall such temporary certificate of ownership be effective for more than thirty days from the date of its issuance.

In the event that the dealer fails to produce the old certificate of title of the vehicle or fails to apply for a replacement certificate of title pursuant to § 46.1–92, thereby preventing delivery to the Division or purchaser before the expiration of the temporary certificate of ownership, the purchaser's ownership to the vehicle shall terminate and the purchaser shall have the right to return the vehicle to the dealer and

reversion by operation of law, the Trustee, as successor in title to Car Sales, Inc., contends he acceded to the legal title and right to possession of the vehicle and that it is, therefore, an asset of the bankruptcy estate.

The effect of the Trustee's argument is to divest title from a bona fide purchaser who has completely performed his part of the contract in paying the total purchase price of the vehicle and to relegate his statutory right to obtain a full refund of all payments to the filing of a claim in these proceedings, which will normally allow the claimant only a small percentage of his actual loss, if indeed he receives a dividend at all.

The purpose and spirit of § 46.1–90.1(b) is to induce a dealer to promptly submit to the Division of Motor Vehicles the proper certificate of ownership documents to enable the Division of Motor Vehicles to promptly issue to the purchaser a permanent certificate of title. To enforce the statute as suggested by the Trustee would produce the inequitable result of dispossessing the purchaser of his newly-purchased automobile and at the same time, depriving that purchaser of his right to recoup his costs directly from the dealer. To enforce part of the statute, as requested by the Trustee, yet to be prevented from enforcing the remaining half of the statute concerning the remedies available to the purchaser due to the ensuing bankruptcy would be inequitable and unjust.

At the time of the filing of the petition in bankruptcy, the Plaintiff was the legal and equitable owner of the automobile by virtue of his temporary certificate of title. Moreover, he was in possession of the car, had registered same with the City of Alexandria, and had obtained an automobile insurance policy on the vehicle. Car Sales, Inc., pursuant to § 46.1–90.1 of the Code of Virginia (1950), as amended, had a legal duty to promptly file with the Division of Motor Vehicles a copy of the temporary certificate of title issued to the purchaser to enable the Division of Motor Vehicles to issue a permanent certificate of title.

The Plaintiff should prevail herein for the following reasons: (1) the intervening bankruptcy precluded the Debtor from timely performing its duty as required by Virginia Code § 46.1–90.1(b); (2) it is a ministerial duty the duly appointed Trustee in Bankruptcy must comply with; (3) the Plaintiff's return of the vehicle may be conditioned upon the Debtor or the Trustee remitting the purchase money; (4) the contract of sale was beyond the executing stage and a debtor-creditor relationship no longer existed; (5) it would be clearly inequitable to deprive the purchaser of his purchase as well as his purchase price because the Debtor or the Trustee has not complied with the requirements of the statute, the failure herein constituting a violation of law by the wrongdoer; and (6) the statute was enacted for the benefit and protection of the purchaser to assure a prompt issuance of a permanent title.

obtain a full refund of all payments made toward the purchase of such vehicle, less any damage to the vehicle incurred while title was vested in the purchaser, together with actual costs in obtaining the refund."